```
 1  Kent Khtikian, Esq. (#99843)
    Conor D. Mack, Esq. (#253878)
 2  Katzenbach and Khtikian
    1714 Stockton Street, Suite 300
 3  San Francisco, California  94133-2930
    Telephone: (415) 834-1778
 4  Facsimile: (415) 834-1842

 5  Attorneys for Plaintiffs

 6

 7  Geoffrey R. Hudson, Esq.
    Hausman & Sosa, LLP
    P.O. Box 2547
 8  Napa, CA 94558
    (707) 265-0900
 9
    Attorneys for Defendant ACIC
10
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL UNION NO. 3, AFL-CIO; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND; TILE INDUSTRY PROMOTION FUND OF NORTHERN CALIFORNIA, INC., a not-for-profit California corporation; TILE EMPLOYERS CONTRACT ADMINISTRATION FUND; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS PENSION FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> PAVONE TILE AND MARBLE CO., INC., a California corporation; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation, <br><br> Defendants. | Case No. CV 10-3983 JL <br><br> JOINT CASE MANAGEMENT STATEMENT; [~~proposed~~] ORDER RESETTING CASE MANAGEMENT CONFERENCE |

Pursuant to this Court's Civil Local Rule 16-9 and FRCivP 16(b), Plaintiffs and

Defendant American Contractors Indemnity Company hereby submit this Case Management Statement And Proposed Order.

Plaintiffs respectfully request that the Court continue the Case Management Conference currently scheduled for December 15, 2010 for 120 days, until April 13, 2011, for the following reasons.

Plaintiffs intend to amend the Complaint in this matter to include several more defendants.  Plaintiffs are in the process of gathering the information necessary to state their claims against these additional defendants, and expect to be ready to file their First Amended Complaint in approximately three weeks.  Plaintiffs also wish to amend the Complaint to allege further amounts owed by Defendant Pavone Tile and Marble Co. Inc., ("Pavone"). Plaintiffs do not anticipate adding any new claims against the only defendant that has appeared, American Contractors Indemnity Company ("ACIC").  Plaintiffs intend to seek a stipulation from ACIC regarding the filing of Plaintiffs First Amended Complaint, rather than moving the Court for leave to file the First Amended Complaint.

A 120 day continuance will allow Plaintiffs to gather the information necessary to prepare their First Amended Complaint, file the First Amended Complaint, serve all Defendants with the First Amended Complaint and allow enough time to get the pleadings settled.  Should Pavone or any of the new defendants not answer or otherwise respond to the complaint, the 120 day continuance would give Plaintiffs sufficient time to request the entry of those Defendants' defaults and properly notice a motion for default judgment.

Both ACIC and Pavone were served with the Complaint by September 23, 2010.  (See Document 6 herein).  ACIC has answered the Complaint.  (Document 5)  Pavone, whose answer was due on or before October 14, 2010, has not answered or otherwise appeared.

**A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Plaintiff,  INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN AFL-CIO, LOCAL UNION NO. 3 (hereinafter the "Union") and Defendant Pavone were parties to a collective bargaining agreement (the "Agreement") at all times material to this action.  Pursuant to the terms of the Agreement, Pavone agreed to pay certain wages and

fringe benefits for all hours worked in the 46 Northern California counties within the Union's geographic jurisdiction by persons employed by Pavone as tile layers and tile setters.

  Plaintiffs Complaint alleges that Pavone has breached the Agreement and violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), by refusing or failing to: (i) to pay fringe benefit contributions for work performed during May, 2010 and from July 1, 2010 to the present totaling at least $15,768.61 and interest thereon; (ii) to pay fringe benefits and wages when due; (iii) to pay liquidated damages in the amount of at least $4,256.50 and interest on late payments of fringe benefits as agreed; and (iv) to submit monthly report forms covering July 1, 2010 to present. Plaintiffs will amend their Complaint to allege further amounts due by Pavone.

  Plaintiffs allege that Pavone obtained a contractor's license bond underwritten by ACIC pursuant to California Business and Professions Code section 7071.6. This bond indemnifies persons employed by Pavone for Pavone's failure to pay full wage and fringe benefit contributions due.

**B. PRINCIPAL ISSUES**

  **1. The principal factual issues that the parties dispute are:**

    ACIC disputes liability under the bond..

  **2. The principal legal issues that the parties dispute are:**

    Whether Pavone was covered by the contractor's license bond at the time of the delinquencies;

    Whether Plaintiffs complied with the notice and limitations provisions of the bond.

  **3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue remain unresolved:**

    None.

  **4. The following parties have not yet been served:**

    None.

  **5. Any additional parties that a party intends to join are listed below:**

Plaintiffs intend to amend the Complaint to add several additional parties..

.     **6. Any additional claims that a party intends to add are listed below:**

Plaintiffs will add additional claims to the added parties in the First Amended Complaint..

**C. ALTERNATIVE DISPUTE RESOLUTION**

**The parties make the following additional suggestions concerning settlement:**

Plaintiffs request a settlement conference before a United States Magistrate Judge.

**The Court hereby orders:**

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs consent to proceed before a magistrate judge and filed their consent to proceed before a magistrate judge on September 8, 2010 as document 4 herein.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**E. DISCLOSURES**

**The parties certify that they have made the following disclosures:**

The parties have not made any initial disclosures. Plaintiffs have provided ACIC with documents supporting their claim that Pavone has failed to make fringe benefit contributions as required. The parties shall serve their initial disclosures after the pleadings are settled.

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

    **a. Disclosed by plaintiffs:**

    None.

    **b. Disclosed by Defendants:**

None.

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through formal discovery:**

    **a. Categories of documents disclosed by Plaintiffs:**

None.

    **b. Categories of documents disclosed by Defendants:**

None.

**3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

On the basis of reports submitted to Plaintiffs by Pavone,, Plaintiffs believe that the amount owed to Plaintiffs is at least $207,712.01, calculated as follows:

| | |
|---|---:|
| Principal Owed: | $175,913.51 |
| Liquidated Damages | 35,182.70 |
| Attorney's Fees (to 11/23) | 4,516.50+ |
| SUBTOTAL | $215,612.71 |
| Credit for Payment received 11/8/10 | (7,900.70) |
| **TOTAL** | **$207,712.01** |

This calculation excludes accruing interest, additional attorney's fees and all costs, all of which Plaintiffs will seek as additional damages.

**4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

None disclosed.

**5. The parties will disclose the following additional information by the date listed:**

Plaintiffs will serve their initial disclosures after filing and serving their First Amended Complaint and the additional Defendants answer or otherwise appear.

**6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

Every 30 days commencing May 1, 2011 if supplemental information is discovered.

**F. EARLY FILING OF MOTIONS**

**The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

Should Pavone or the additional Defendants not answer or otherwise appear, Plaintiffs will request that the Clerk enter those Defendants' defaults and then file a motion for default judgment.

**G. DISCOVERY**

**1. The parties have conducted or have underway the following discovery:**

None.

**2. The parties propose the following discovery plan:**

The deadline for completion of all discovery, expert and non-expert be August 12, 2011 and that the dates for filing of dispositive motions will be October 7, 2011 and trial be 90 days thereafter.

The parties are to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than June 10, 2011.

**3. Limitations on discovery tools.**

    a. depositions (excluding experts) by:

        **plaintiffs:** no limit    **defendant:** no limit

    b. interrogatories served by:

        **plaintiffs:** 25

        **defendants:** 25

    c. document production requests served by:

        **plaintiffs:** no limit    **defendants:** no limit

    d. requests for admission served by:

        **plaintiffs:** no limit    **defendants:** no limit

**4. The parties propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant

to the issues raised by the complaint and defendants' answers to the complaint.

**5. Discovery from experts.**

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

See paragraph G(2) above.

**H. PRETRIAL AND TRIAL SCHEDULE**

**1. Trial date:** None set.

**2. Anticipated length of trial (number of days):** 1 to 2 days.

**3. Type of trial:** Court.

**4. Final pretrial conference date:**

**5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

**6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

**7. Deadline to hear motions directed to the merits of all or part of the case:** See

paragraph G2 above.

**NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purpose of Civ.L.R. 16-10(b) which includes preparation of that joint pretrial conference statement and all other materials required by § H.5 above. Lead trial counsel shall also be present at the pretrial conference. (See FRCivP 16(d).)**

**I. Date of next case management conference:**

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

 /s/ Kent Khtikian
Kent Khtikian, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs


 /s/ Geoffrey Hudson
Geoffrey R. Hudson, Esq.
Hausman & Sosa, LLP
P.O. Box 2547
Napa, CA 94558
(707) 265-0900
Attorney for Defendant ACIC

**Attestation Of Concurrence**

I, Kent Khtikian, declare that Geoffrey R. Hudson has signed the Document set forth above and that I have in my possession his signature on this document.
I declare under penalty of perjury that the foregoing is true and correct.
Executed this 7th day of December 2010, in San Francisco, California.

 /s/ Kent Khtikian
W. Kent Khtikian

Good cause appearing, the Court hereby orders that the Case Management Conference scheduled for December 15, 2010 is rescheduled for April ~~15~~ 20, 2011 at 10:30 a.m. A joint case management conference statement shall be filed no later than April ~~6~~ 13, 2011.

IT IS SO ORDERED

Dated: December 8, 2010

Hon. James Larson
United States Magistrate Judge

# PROOF OF SERVICE BY MAIL

I am a resident of the County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is Katzenbach and Khtikian, 1714 Stockton Street, Suite 300, San Francisco, California 94133. I served the within:

1. JOINT CASE MANAGEMENT STATEMENT; [proposed] ORDER RESETTING CASE MANAGEMENT CONFERENCE

on the parties remaining in the action herein, by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid in the United States Mail at San Francisco, California, on December 7, 2010 addressed as follows:

Doug Pavone
Pavone Tile and Marble Co., Inc.
1124 Old Bayshore Hwy., #10
San Jose, CA 95112

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 7, 2010.

    /s/ Cheri Yau
      Cheri Yau